**UNITED STATES of America,**
**Appellee.**

**v.**

**Benjamin MESSINA and Jack Alwadish,**
**Defendants-Appellants.**

**No. 209, Docket 31255.**

United States Court of Appeals
Second Circuit.

Argued Nov. 29, 1967.

Decided Jan. 2, 1968.

Certiorari Denied April 22, 1968.
See 88 S.Ct. 1413.

Louis Kaye, Brooklyn (Abraham Glasser, New York City, on the brief), for appellants.

Samuel J. Heyman, Asst. U. S. Atty. (Jon O. Newman, U. S. Atty. for the District of Connecticut, on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Benjamin Messina and Jack Alwadish were convicted after a jury trial on several counts of transporting and selling stolen motor vehicles in violation of 18 U.S.C. §§ 2312 and 2313, and they appeal. We affirm the judgments of conviction.

Appellants first challenge the sufficiency of the evidence. The government's principal witness was Albert E. Farrah, a Connecticut used car dealer who had previously pleaded guilty to receiving a stolen motor vehicle. He testified that appellants had sold cars to him at his lot in Connecticut on several occasions. The prices paid for the cars were low, and payment was always in cash. Each car was registered to a different owner; none was registered to appellants. The owners of the cars testified that their cars had been taken from locations in New Jersey and New York shortly before the dates on which they were sold to Farrah in Connecticut.

The jury had the right to infer from evidence of appellants' possession of the cars in Connecticut shortly after their theft from another state that appellants had transported the cars in interstate commerce with knowledge that they were stolen. See United States v. Weldon, 384 F.2d 772 (2d Cir. 1967); United States v. DeSisto, 329 F.2d 929, 935 (2d Cir.), cert. denied, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964).

Appellants, however, assert that Farrah's testimony should not have been believed. It is true that Farrah's credibility was open to attack; he had made several statements to FBI agents before trial which were inconsistent with his trial testimony, he received a reduction in sentence at about the time he began cooperating with government investigators, and it is not unlikely that he was an accomplice in the crimes. On the other hand, his account was plausible and was in part corroborated by the testimony of other witnesses. Farrah's credibility was for the jury to assess; that it chose to believe his testimony presents no ground for appellate reversal.

Appellants urge that the indictment should have been dismissed since it was based in part upon hearsay evidence.[1] Not only did appellants fail to move in the trial court for a dismissal of the indictment, but the contention itself is untenable. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Appellants also assert that the trial court erred in admitting the actions and declarations of each of them against the other since the indictment charged them with neither conspiracy, aiding

---

1. The indictment was returned prior to this court's decision in United States v. Umans, 368 F.2d 725 (2d Cir. 1966), cert. dismissed as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967), which suggested that the use of hearsay testimony before the grand jury be avoided if possible. Counsel for the government advises us that since the *Umans* decision it has been the practice in the District of Connecticut to present to the grand jury only testimony of witnesses with first-hand knowledge except when such witnesses are unavailable or cannot be summoned without causing them extreme inconvenience.

and abetting, nor concerted action. This argument is unavailing.

"There need be no charge of conspiracy to make actions and declarations of joint actors in furtherance of a common illegal plan admissible against each actor." United States v. Jones, 374 F.2d 414, 418 (2d Cir. 1967).

■ Appellants argue that the testimony of one Richard Dart should not have been admitted into evidence. (Dart stated that he had issued automobile registrations to Messina without requiring supporting documents in return for small gratuities.) Appellants did not make proper objection to the admission of this evidence in the trial court, and therefore the claim has not been preserved for appeal. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

■■ Pre-indictment statements by appellants were testified to at trial by a government agent without objection, probably because they were exculpatory. Now appellants claim that these statements were inadmissible under Miranda v. State of Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). Since appellants were not "in custody"—indeed, the interviews were held on a park bench and in a Schrafft's restaurant— *Miranda* warnings were not required. 384 U.S. at 477–478, 86 S.Ct. 1602. Moreover, the warnings given were adequate under *Miranda*. The agent omitted mention only of the right of defendants to have appointed counsel if they were indigent. Since appellants retained counsel at trial and on this appeal, they clearly are not indigent and therefore need not have been warned of the right to appointed counsel. 384 U.S. at 473, n. 43, 86 S.Ct. 1602. See United States v. Fisher, 387 F.2d 165 (2d Cir. December 15, 1967).

We have examined the other points raised by appellants and find them to be without merit.

Affirmed.