**UNITED STATES of America, Appellee,**

v.

**Richard C. MARINO, Appellant.**

**No. 531, Docket 32291.**

United States Court of Appeals Second Circuit.

Argued June 13, 1968.

Decided June 24, 1968.

Herman D. Silberberg, Ansonia, Conn., for appellant.

John Cassidento, Asst. U. S. Atty., Hartford, Conn. (Jon O. Newman, U. S. Atty., on the brief), for appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

Richard C. Marino was convicted on trial to the Court, jury waived, in the United States District Court for the District of Connecticut, T. Emmet Clarie, Judge, of transportation of more than $5,000 worth of stolen goods in interstate commerce and of conspiracy so to transport in violation of 18 U.S.C. §§ 2314, 371 and he appeals. We find no error and affirm the judgment.

The sole issue presented on the appeal is the sufficiency of the evidence that the amount of the stolen goods transported interstate equalled or exceeded $5,000.

The evidence justified a finding that Marino, a Connecticut coin dealer, arranged for two men to hold up a Vermont coin dealer at his home, and that they did so and escaped with $8,300 worth of coins and other articles, including an ingot of silver, tying up the Vermont dealer, his wife and Marino, present in the guise of a customer. Some 17 days later Marino in Connecticut delivered some $800 in coins and the ingot to one Raccio for sale, for a down payment of $100 and a share in the proceeds over $100 in order to obtain money to pay off the two robbers. Raccio later informed authorities and returned the articles to Marino, in whose house in Connecticut they were found on Marino's arrest. Marino lied about his acquisition of the coins and reason for hiding the ingot. He informed Raccio prior to trial that the identifiable paper money taken in Vermont was gone and everything else was gone.

It was a reasonable inference from all the circumstances that all the articles stolen, as well as those specifically identified in Marino's possession in Connecticut, were agreed to be and were transported in interstate commerce. Cf. United States v. Messina, 388 F.2d 393 (2 Cir. 1968). Marino told Raccio that the two robbers knew nothing about coins. There is no evidence which supports an inference that any part of the loot remained in Vermont. It is quite plain that Marino was the manager of the enterprise, that he was to pay off the two robbers in ordinary cash, and that he was the one of the three with enough knowledge of the nature of the goods to handle their disposition. His later statements to Raccio were admissions that he had had more of the loot than he delivered to Raccio.

This is sufficient to sustain the finding beyond a reasonable doubt both that the conspiracy contemplated interstate transportation of goods worth over $5,000, and that the actual transportation involved goods worth that amount. Since the sentences were concurrent, a valid conviction on either count is of course sufficient. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); United States v. Scandifia, 390 F.2d 244 (2 Cir 1968).

The judgment of conviction is affirmed.