Ray Jackson **CRIBB**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25449.

United States Court of Appeals
Fifth Circuit.

June 21, 1968.

Rehearing Denied Sept. 5, 1968.

J. Sewell Elliott, Macon, Ga., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., for appellee; James C. Bright, Assistant Regional Counsel Internal Revenue Service, of counsel.

Before BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

GARZA, District Judge:

Appellant appeals from his conviction by a jury on all six counts of an indictment charging him with violation of the Internal Revenue Laws.

Count One charged him with possession of an unregistered still, in violation of 26 U.S.C.A. §§ 5179(a), 5601(a);

Count Two charged him with carrying on the business of a distiller without giving bond, in violation of 26 U.S.C.A. §§ 5173, 5601(a);

Count Three charged him with carrying on the business of a distiller with intent to defraud the United States, in violation of 26 U.S.C.A. § 5602;

Count Four charged him with working at a distillery not bearing a sign, in violation of 26 U.S.C.A. §§ 5180, 5681 (c);

Count Five charged him with possession of moonshine whiskey, in violation of 26 U.S.C.A. §§ 5205(a) (2), 5604(a); and

Count Six charged him with possession of distilling apparatus and raw materials (sugar and yeast) intending to use the same in the non-tax-paid distilled spirits business, in violation of 26 U.S.C.A. § 5686(a).

Appellant attacks his conviction on the grounds that the trial court committed reversible error in failing to grant his motion for acquittal, and that the court committed reversible error in its charge to the jury.

The facts presented at his trial show that on January 30, 1967, at approximately 6:10 p. m., Alcohol and Tobacco Tax Special Investigators, working with Georgia and Florida State Agents, seized an illegal moonshine whiskey distillery in Clinch County, Georgia.

The distillery was situated in a wooded area, a considerable distance from Georgia Highway 177. A dirt road led from the highway to a house. From the house, a narrow woods road ran for approximately 480 yards, terminating at the distillery.

Approximately 200 yards from the house, the woods road intersected with an unused road which led to Highway 441.

At the time of the raid on the distillery, there were two men who were co-indicted with the Appellant operating the still. One was working on the condenser and the other was putting sugar into one of the still pots.

The officers seized eight 1800-gallon steel tank stills, fermenting mash, miscellaneous distilling equipment, and 240 gallons of non-tax-paid whiskey contained in 5-gallon plastic jugs to which no Internal Revenue stamps were affixed. The distillery had no sign posted.

While the officers were at the distillery, another co-defendant appeared driving a pickup truck, and was arrested. His name was Parrish.

At about 8:30 p. m., an investigator for the Alcohol and Tobacco Tax Division of the Treasury Department, by the name of Kelley, left the distillery on the woods road, headed in the direction of Highway 177. At a point approximately 280 yards from the distillery he met a car with its lights on. The car stopped, backed up approximately 20 yards onto the unused road, and stopped.

The Appellant got out, shook hands with the officer and identified himself.

Officer Kelley had seen through the glass of the automobile, and saw several sacks marked "Dixie Crystal Sugar" in the rear. Investigator Kelley then identified himself and placed the Appellant under arrest. The Appellant was adequately advised of his constitutional rights against self-incrimination and his right to counsel.

Officer Kelley then turned custody of the Appellant over to fellow officers who took the Appellant to the distillery.

The automobile driven by Appellant was a white 1962 Chrysler 4-door sedan. Its rear seat had been removed. There were found in the car twenty-nine 60-pound bales of Dixie Crystal Sugar and a case containing twelve 2-pound cans of yeast. There was also a strong odor of moonshine whiskey inside the car, and the automobile was equipped with a set of overload springs.

Upon arriving at the distillery the Appellant saw the co-defendant Parrish handcuffed and sitting by a tree. The Appellant told the officers that they "could turn that boy loose, he wasn't going to run." He then asked how much his bail was, and told the officers, "Let me make bond now. I know you are going to tear these up and I've got to get some more started."

■ Appellant's complaint that his motion for acquittal should have been granted because the evidence was insufficient to support a conviction on any of the counts in the indictment, is without merit. The evidence noted above and the statements made by the Appellant upon his arrival at the distillery was substantial evidence to support a guilty verdict.

There was sufficient evidence that a reasonable mind might accept as adequate to support a conclusion of guilt beyond a reasonable doubt. Riggs v. United States, 280 F.2d 949 (5 Cir., 1960).

The evidence was more than clear that the Appellant was engaged in and carried

on the business of a distiller of spirituous liquors without having given bond as required by law and with the intent to defraud the United States of the tax imposed thereon, as charged in Counts Two and Three of the indictment; and that the Appellant worked in a distillery upon which no sign was placed and kept, as charged in Count Four of the indictment.

On Counts One, Two, Three and Five, which were the felony counts in the indictment, the Appellant was sentenced to two years on each count, to run concurrently; and on Counts Four and Six, which were misdemeanor counts, he was sentenced to twelve months, to run concurrently with the sentences imposed in the felony counts, making a total of two years that he had to serve.

The Appellant's attack on his conviction on Count One, charging him with possession of the still, and his attack on Count Five, charging him with possession of certain distilled spirits and on Count Six, charging him with possession of certain property intended for use in violation of the provisions of the Internal Revenue Code, need not be passed on by us since the sentences received on these counts in the indictment were to run concurrent with the sentences imposed on the counts on which there is no question of his guilt as found by the jury.

Appellant's attack on the court's charge is three-pronged, only two of which deserve mention.

He says that the failure of the court to give a charge on circumstantial evidence was fundamental error.

Appellant did not seek such a charge, and when the charge is read as a whole we cannot say that this was fundamental error.

He also complains of the court inquiring of the jurors trying him as to their former service on juries; that since two of the jurors raised their hands and said that they had previously served, this fact set these two jurors up as persons that the other jurors had to follow because of their previous jury experience.

This contention is wholly without merit.

We have read the complete charge of the court and find it fair and fully adequate.

The conviction of the Appellant, therefore, must be

Affirmed.