Keating, J.
Kenneth R. Post, the appellant, • was told on February 11, 1965 by his father-in-law that the police wanted him to come down to police headquarters at Hauppange, Long Island, where the authorities were conducting an investigation into the death of his six-week-old child which had occurred the day before. He did so, accompanied by his wife and two friends. Besides Post, the police requested the attendance of members of his family. At the police station Post’s parents and wife were *159 seated in a hallway adjacent to the interrogation room, while the police proceeded to question him. Before the police began this interrogation about his child’s death, a captain informed him of his right to remain silent, that anything he said could be taken down and possibly used against him, and that he had a right to have an attorney present before they initially asked him to answer any questions. The defendant replied to these statements that “ he didn’t want a lawyer * * * I want to tell you what happened ”.
Post then made a series of general remarks and at one point stated that he had hit the baby with his fist. At this juncture the police again warned him of his rights, substantially in the same form as before. They also told him he was being placed under arrest. Again the defendant stated that he did not want an attorney, but only wanted to tell what happened. The police then took up their questioning and eventually the interrogation led to a written confession. On both occasions when the police warned the defendant of his rights, they did not explicitly tell him that, if he was indigent, counsel would be appointed, if requested.
On September 7, 1966 the defendant had a Huntley hearing during the course of which neither the prosecution nor the defendant offered any evidence pertaining to Post’s financial status at the time of his arrest and interrogation. Defense counsel raised Miranda v. Arizona (384 U. S. 436) as the foundation for objecting to Post’s confession. However, he did not specifically state that the objection to the admissibility of the confession was based upon the police failure to warn the. defendant that, if he was indigent, counsel would be appointed. After the hearing the Judge made a finding that the confession was voluntary. Thereafter, at the trial, which commenced on September 8,1966, the People offered in evidence Post’s confession, and it was received. The jury returned a verdict of guilty of manslaughter in the second degree for the death of the child. The Appellate Division (Second Department) unanimously affirmed the judgment of conviction without opinion.
The warning given Post complied with those mandated by the Supreme Court in Miranda in every respect except that the police did not disclose that counsel could be appointed if he lacked funds to retain an attorney. No specific objection was made by *160 defense counsel at either the Huntley hearing or at the trial due to this particular omission. Defense counsel simply contended, at these times, that Post was never informed of his right to counsel. The record, however, amply supports a finding that he was informed of this right.
No testimony was adduced at the Huntley hearing by either the prosecution or defense as to whether the defendant was indigent at the time he was interrogated. However, at trial Post did take the witness stand and disclosed that he had attended college for a year and one half, had been continually employed by Eastern Airlines, as a ramp baggageman, for a 14-month period preceding the death of his child and owned a car. He also remarked that he had debts in the amount of $800. During the period of interrogation, Post knew that his family as well as friends were present in the station house, and one of the four officers who interrogated Post testified that he was informed that, if he wanted an attorney, the police would ask his parents, who were waiting in the nearby hallway, to get him one. Moreover, the defendant was apparently neatly and suitably attired.
A suspect is not required to inform the police of his indigency in order to come within the purview of Miranda. We conclude, however, that, where a defendant is not told that counsel will be furnished if he cannot afford one, his confession will not be excluded unless there is some evidence that the defendant was indigent at the time of the interrogation. Here the defendant made no such contention at any time.
The issue as to the failure to give the fourth warning first appeared in the case on appeal. The lack of this warning in, haee verba, although the offer by the police captain came fairly close, had no direct applicability to this suspect (Miranda v. Arizona, supra, p. 473, n. 43). Therefore, in the absence of any evidence of indigency, we hold the error harmless. (See Chapman v. California, 386 U. S. 18 [1967]; United States v. Messina, 388 F. 2d 393, 395 [2d Cir.], cert. den. 390 U. S. 1026 [1968]; United States v. Fisher, 387 F. 2d 165, 169-170 [2d Cir.], cert, den. 390 U. S. 953 [1968]; State v. Bliss, 238 A. 2d 848 [Del., 1968]; Commonwealth v. Wilbur, 231 N. E. 2d 919 [Mass., 1967], cert. den. 390 U. S. 1010 [1968]; State v. Cray, 268 N. C. 69 [1966], cert. den. 386 U. S. 911 [1967].)
*161 We find no merit in the other issue raised by the appellant.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Judgment affirmed.