UNITED STATES of America,
Appellee,

v.

William PRONER, Appellant.

No. 236, Docket 32573.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1968.

Decided Jan. 10, 1969.

Harris B. Steinberg, New York City (Stanley S. Arkin, New York City, on the brief), for appellant.

Peter L. Zimroth, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, David M. Dorsen and Charles P. Sifton, Asst. U. S. Attys., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

William Proner appeals from a judgment of the United States District Court for the Southern District of New York, Walter R. Mansfield, Judge, convicting him, after a jury trial, on eight counts of attempting to evade payment of income tax, filing false statements in connection with his income tax and conspiring to commit these acts, all in violation of 26 U.S.C. §§ 7201 and 7206 (1964) and 18 U.S.C. § 371 (1964).

Under a compromise agreement with the Internal Revenue Service made by Proner in 1957, Proner was to pay a portion of his "annual income" for the years 1956–1965 on account of his tax liability for the years 1942–1945. The term "annual income" was defined to include wages and, if Proner became a stockholder in a closely held corporation, "his proportionate share of corporate net income in excess of $5,000.00 as deter-

mined for Federal income tax purposes, * * * whether distributed or undistributed to him." [1]

The indictment charged that Proner (1) wilfully attempted to evade his 1959 income tax in violation of 26 U.S.C. § 7201 (1964) (count 2); (2) wilfully filed false statements of annual income for the years 1959–1964 in violation of 26 U.S.C. § 7206 (1964) (counts 3–8); and (3) conspired to commit the offenses charged in counts 2–8 and to defraud the United States of payments due under the terms of the compromise agreement with the Internal Revenue Service in violation of 26 U.S.C. § 371 (1964) (count 1).

The government sought to prove at trial (1) that Proner held an interest in the "Palmer Division" of the S & E Novelty Company and, later, in the Palmer Import Trading Company during the years 1956–1964; (2) that he wilfully filed a false income tax return in 1959 and false Statements of Annual Income for the years 1959–1964 by failing to report his share of the profits of these companies; [2] (3) that he wilfully filed false Statements of Annual Income for the years 1960–1964 by failing to report additional income received by him from Palmer Import in the form of expense allowances; (4) that, by improperly deducting as business expenses during 1960–1964 these expense allowance payments to Proner, Palmer Import understated its income and Proner wilfully filed false Statements of Annual Income for 1960–1964 by failing to report his proportionate share of the understated amount; and (5) that Proner conspired with others to commit these acts. The jury found Proner guilty on all eight counts of the indictment. He was sentenced to a three year term on each count with the terms to run concurrently.

On this appeal Proner challenges the sufficiency of the evidence regarding his failure to report income attributable to Palmer Import's payments to him for his alleged business expenses. This evidence provides the sole basis for the conviction on count 7 because the government offered no evidence that Proner failed to report other income in 1963, the year covered by count 7. Proner also claims that under the charge given by the court the jury might have convicted him on counts 2, 3, 4, 5, 6 and 8 solely on the basis of the evidence as to business expenses. He argues that the evidence, relating as it does only to the failure to substantiate business expenses, does not show a wilful failure to report income in violation of 26 U.S.C. §§ 7201 and 7206 (1964). If he is correct, the conviction on counts 2–8 is subject to reversal since there is no way for this court to know on which evidence the jury based its verdict. Moreover a successful challenge to counts 2–8 would require reversal of the conspiracy conviction under count 1 because this court cannot know whether the conviction under that count was based on the evidence relating to the payments for expenses. Thus Proner argues that we must reverse the judgment of conviction on all counts and grant him a new trial.

For the reasons set forth below we need not decide the merits of the arguments Proner advances.

No evidence involving unsubstantiated business expenses was presented with respect to Proner's 1959 income tax return (the subject of count 2) and his 1959 Statement of Annual Income (the subject of count 3). The evidence adduced in support of count 2 concerned the distribution to Proner of the profits of the Palmer Division when it was liquidated in 1959 and a claimed capital loss carryover deduction of $1000 arising from

---

1. The definition of corporate net income was subject to further qualifications not relevant here.

2. In 1957 and 1958 Proner also held an interest in Kaplan Brothers, a company controlled by the S & E Novelty Company. Kaplan Brothers lost money during this period. These losses must be subtracted from the profits of Palmer Division to compute the amount Proner should have reported.

the overstatement of Proner's loss in 1956 on the sale of his interest in the company the business of which was transferred to the "Palmer Division" of S & E Novelty Company. The evidence in support of count 3 relates only to Proner's failure to include in his Statement of Annual Income for 1959 his profit distribution from the Palmer Division and his proportionate share of Palmer Import's net income.

■ It is true that Proner may have received amounts in 1959 for business expenses that he did not report as income in his 1959 income tax return or in his 1959 Statement of Annual Income. This possibility arises from the fact that Palmer Import operated on a fiscal year running from October through September so that its 1960 return included operations during the last quarter of calendar year 1959. No evidence was offered as to whether some of the payments to Proner disallowed as deductions to Palmer Import in its 1960 fiscal year actually took place during calendar year 1959. Proner's tax year was the calendar year and the payments to Proner disallowed as deductions to Palmer Import for its 1960 fiscal year were introduced in evidence only with respect to Proner's 1960 income tax return and 1960 Statement of Annual Income. This point was made clear in the testimony of one of the government's witnesses and in the opening remarks by the prosecutor. Although Judge Mansfield referred in his charge to "payments by Palmer to Proner during the period from 1959 to 1964, which were improperly deducted," and noted that "[a]s for the years 1959 to 1961 there was testimony * * * that the amounts disallowed had been agreed to by Palmer and had been added to Proner's income with Proner's agreement," his comments served only to remind the jury of the evidence relating to payments by Palmer Import during its fiscal years that included a portion of calendar 1959. Thus

the comments did not constitute a suggestion, contrary to the evidence, that any payments in 1959 affected Proner's 1959 income tax return and Statement of Annual Income. Since, therefore, the government presented no evidence involving payments to Proner for unsubstantiated expenses with respect to counts 2 and 3 and the judge's charge cannot properly be read as suggesting that such evidence was presented, the jury's verdict on these counts must stand.

■ Because the conviction on counts 2 and 3 is unrelated to the evidence challenged by Proner and because the sentences on all counts were concurrent, the judgment of conviction must be affirmed regardless of the validity of the conviction on the other counts. Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); [3] United States v. Marino, 396 F.2d 780, 781 (2d Cir. 1968).

■■ During his summation defense counsel indicated that the prosecutor had remained silent even though he knew his witness, Schur, was lying on the stand. The prosecutor replied to this comment in his summation by saying: "I can't take the stand and testify. But I am telling you right now that if I did not believe what [Schur] had told me was true, I would never have let it stay the way it was on the record." This reply defending the prosecutor's integrity and, by implication, vouching for Schur's credibility does not require reversal. See United States v. Stromberg, 268 F.2d 256, 270–71 (2d Cir.), cert. denied, 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed.2d 102 (1959). Moreover the point was waived since no objection to the prosecutor's remarks was raised at trial. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238–40, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); United States v. Dibrizzi, 393 F.2d 642, 645–46 (2d Cir. 1968).

Affirmed.

3. We note that on December 16, 1968 the Supreme Court denied certiorari in Cribb v. United States, 397 F.2d 361 (5th Cir. 1968), which involves an application of the *Lawn* doctrine. 393 U.S. 999, 89 S.Ct. 486, 21 L.Ed.2d 464 (1968).