■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VIVEN HARRIS, Appellant.— Judgment of the County Court, Westchester County, rendered December 20, 1966, affirmed. Beldock, P. J., Brennan and Munder, JJ., concur,

with the following separate memoranda: Brennan, J.: The indictment, containing two counts, alleged that defendant committed the crime of selling a narcotic drug, by selling heroin on January 4 and 6, 1966. The sales were to an undercover agent. On January 7, 1966 defendant was arrested and within one hour he made a statement in the Assistant District Attorney's office. He was apprised of his privilege to remain silent and that anything he said might be used against him. He was then questioned, but prior to making any admissions said he would like to speak to an attorney. The Assistant District Attorney brought the questioning to a close, told defendant he had a right to counsel and asked him if he desired to speak to an attorney then. Defendant replied that he would " call tomorrow ". He asked what the charges against him were and, upon being informed, volunteered the information that everybody in his area was selling narcotics. After this statement the Assistant District Attorney posed a few questions which defendant answered. Defendant said his answers were voluntary and it was his decision to talk after requesting counsel. No notice of an intention to use the statement as evidence was given by the People (Code Crim. Pro., § 813-f). At the trial the undercover agent testified as to the transactions of January 4 and 6. His testimony was corroborated in minor respects by another undercover agent. Defendant (who admitted at the trial to three prior convictions) testified on direct examination that he did not give the undercover agent drugs on January 4, 1966; but on January 6, 1966 he did go to a friend's home where he put baking powder in two glassine envelopes and sold the latter as heroin to the agent. On cross-examination the Assistant District Attorney read into evidence portions of defendant's statement of January 7, 1966 solely to impeach defendant's credibility. Defense counsel objected on the ground that no pretrial notice had been received and that the statement had been taken in violation of *Miranda* v. *Arizona* (384 U. S. 436). The court determined, after hearing argument, that the statement had been elicited without the full *Miranda* warnings and, therefore, could only be used as an instrument of impeachment. The gist of the portions read in the presence of the jury is twofold: (1) on January 4, 1966 defendant acted as the undercover police officer's agent in obtaining narcotics and (2) on January 6, 1966 defendant obtained narcotics from an unknown person outside a bar and then sold the drugs to the undercover agent in a bar. The court charged the jury that this statement went to the credibility of the witness and was "not proof of the defendant's guilt". Defense counsel in his summation uttered a similar admonition. The jury disagreed as to the count relating to January 4, 1966, but found defendant guilty of the second count. Section 813-f of the Code of Criminal Procedure provides that the People must give notice to the defendant before trial where they " *intend to offer* a confession or admission *in evidence* " (emphasis supplied); and section 813-g provides that " If the motion [to suppress the statement] is granted, the confession or admission shall not be admissible *in evidence* " (emphasis supplied). It has been held that the failure to give the prescribed notice deprives the People of the evidentiary use of the statement when it is offered in evidence (*People* v. *Schwartz*, 30 A D 2d 385, 388). The purpose of the statute is to enable the defendant to prove before trial that the statement was obtained involuntarily (*People* v. *Schwartz, supra*; *People* v. *Huntley,* 15 N Y 2d 72). At bar the statement was marked in evidence at the suggestion of the Trial Judge and upon consent of respective counsel, but only to enable defense counsel to peruse it, and it was not made available to the jury. Consequently, it is readily apparent that the statement was not put in evidence in the truest sense of that word. Accordingly, since the afore-mentioned statutes are directed at *evidence* in its conventional form,

we have concluded that no pretrial notice is required as to statements used solely for impeachment. On this appeal the District Attorney has conceded that the statement was obtained in violation of *Miranda* and would have been suppressed had he attempted to use it as evidence-in-chief. We adopt his concession but point out that, under the circumstances herein, the *Miranda* warnings given herein might have been found sufficient by the Trial Judge after a *Huntley* (*People* v. *Huntley, supra*) hearing (see *People* v. *Post*, 23 N Y 2d 157; *United States* v. *Fisher*, 387 F. 2d 165, cert. den. 390 U. S. 953; *United States* v. *Messina*, 388 F. 2d 393, cert. den. 390 U. S. 1026). Nevertheless, the District Attorney argues that *People* v. *Kulis* (18 N Y 2d 318) sustains the use of such an illegal statement for the purpose of impeachment. In that case the Court of Appeals held that a statement obtained in violation of *Escobedo* v. *Illinois* (378 U. S. 478) can be used to impeach a defendant's testimony given on direct examination. The rule of the *Kulis* case, and of *Walder* v. *United States* (347 U. S. 62) which it purported to follow, is that a tainted statement (or the fruits thereof) is admissible solely to impeach a defendant's direct testimony on collateral matters not directly related to the crime for which he was indicted (see *People* v. *Schwartz*, 30 A D 2d 385, *supra*; *People* v. *Johnson*, 30 A D 2d 575; *People* v. *Quick*, 30 A D 2d 561; *People* v. *Dixon*, 27 A D 2d 740; *United States* v. *Curry*, 358 F. 2d 904, cert. den. 385 U. S. 873; *Bailey* v. *United States*, 328 F. 2d 542; *Tate* v. *United States*, 283 F. 2d 377). At bar it is apparent that the statement pertaining to the events of January 6, 1966, when read before the jury, violated the holdings in *Kulis-Walder*. However, it is now well settled that the "harmless-constitutional-error rule" does not mandate reversal where the appellate court concludes that the error was harmless beyond a reasonable doubt (*Chapman* v. *California*, 386 U. S. 18, 22). This means that the error is harmless if it could not in any event affect the outcome and did not play a "meaningful role" in the case (*People* v. *Savino*, 22 N Y 2d 732, 733; *People* v. *Ross*, 67 Cal. 2d 64). In an analogous factual context our Court of Appeals has recently said "it is difficult to conclude that the errors were of sufficient consequence to merit a new trial" (*People* v. *Miles*, 23 N Y 2d 527, 544). The court therein further observed that "the impropriety is confined to an incidental part of the case and on a trial in which the proof was overwhelming in establishing the guilt of defendants. Indeed, the very use and introduction of the pretrial statement was the result of the able prosecutor's 'over-trying' his case". These observations are appropriately applicable to the case at bar and we have concluded that, beyond a reasonable doubt, the jury could not, minus the error, have determined the case otherwise and, therefore, the error was harmless. Defendant argues that the *Miranda* decision overrules *Kulis* or, as in the case at bar, where *Miranda* violations occur, *Kulis* does not apply (see cases collated in 13 New York Law Forum 146, 158–162; Pitler, The Fruit of the Poisonous Tree, 56 Calif. L. Rev. 579, 630–636). The United States Supreme Court has not yet passed upon the question (cf. *Harrison* v. *United States*, 392 U. S. 219, dissenting op. at p. 234) and in *Kulis* itself the dissenters observed that *Miranda* governed (see *People* v. *Johnson*, 30 A D 2d 575, *supra*, dissenting memo., pp. 575–576; cf. *People* v. *Shivers*, 21 N Y 2d 118, 122). Until the question has been passed upon by our Court of Appeals we decline to adopt defendant's argument and depart from the rationale of *Kulis*. Accordingly, we are of the opinion that a statement obtained in violation of a defendant's *Miranda* rights is admissible solely for impeachment purposes (see *People* v. *Miles*, 23 N Y 2d 527, *supra*). Beldock, P. J., and Munder, J.: Because of our opinion in *People* v. *Schwartz*

(30 A D 2d 385) we consider ourselves constrained to agree with the theory that an illegally obtained statement may be used to impeach a defendant's direct testimony only on collateral matters not directly related to the crime charged against him. We agree that section 813-f of the Code of Criminal Procedure, regarding the notice that must be given by the People if it is intended to offer such a statement in evidence as a part of the People's case, has no application if the statement is to be used solely for impeachment purposes. If a crime has not been otherwise proved, however, such a statement may not form the basis for a conviction (*People* v. *Marcano,* N. Y. L. J., June 20, 1968, p. 2, col. 2 [App. Term, 1st Dept.]). But where it is used only to challenge credibility, and a proper charge by the court keeps it in true perspective, we do not believe the familiar evidentiary rule should be so diluted. We think that any testimony given by a defendant as a witness in his own behalf, directly related or collateral to the crime charged, is subject to contradiction through his prior inconsistent statements, not to establish the truth of the prior statements but to impeach his credibility and thereby discredit his testimony (cf. Richardson, Evidence [9th ed.], § 513). Christ, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum in which Rabin, J., concurs: Defendant was charged in two counts with selling heroin to an undercover police officer on January 4 and January 6, 1966. The trial essentially involved a test of credibility between the undercover agent and defendant. The jury was unable to agree as to the alleged sale on January 4, although the undercover agent testified unequivocally that defendant sold him a bag of white powder on that date and the police chemist testified that the bag contained heroin. Defendant denied this alleged sale. It seems reasonable to infer from the jury's disagreement on the January 4 charge that they may have had some reservations about the officer's veracity. As to the January 6 charge, the undercover agent testified that defendant sold him two "decks" of heroin on that date. Defendant testified that the agent kept asking for drugs that night and that defendant went to a friend's apartment, filled two empty glassine envelopes with baking powder and gave them to the agent for $12. The prosecution was then permitted to impeach defendant's credibility by the use of a statement concededly inadmissible under *Miranda* v. *Arizona* (384 U. S. 436) and which severely undermined his testimony as to matters directly related to the crime charged (*People* v. *Schwartz,* 30 A D 2d 385, 388; *People* v. *Johnson,* 30 A D 2d 575; cf. *People* v. *Shivers,* 21 N Y 2d 118, 122). There can be no mistake about the effect of this use of the statement. It tended "to prove guilt by implication" and was "incriminating in any meaningful sense of the word" (*Miranda* v. *Arizona, supra,* p. 477). Defendant was convicted on the second count and sentenced to six to eight years in prison. Under the circumstances outlined above, I cannot agree that this error of constitutional dimension was "harmless beyond a reasonable doubt" (*Chapman* v. *California,* 386 U. S. 18, 24). An error is not harmless if "there is a reasonable possibility that the evidence complained of might have contributed to the conviction" (*Fahy* v. *Connecticut,* 375 U. S. 85, 86–87). The burden of showing that a constitutional error is harmless rests with the People who, in this case, have not even attempted to assume that demonstration (*Chapman* v. *California, supra*). Surely it cannot be said with any certainty that the improper use of defendant's statement did not tip the scales against him, especially when his conviction rests on the testimony of the same undercover agent whose testimony was apparently less than convincing on the January 4 charge (cf. *Anderson* v. *Nelson,* 390 U. S. 523, 525). On the contrary, it is difficult to see how defendant

could not have been damaged severely by use of the inconsistent statement in a case which, in the final analysis, pitted his word against the officer's. The judgment should be reversed and a new trial granted.