P. Raymond Sirignano, J.
This is a habeas corpus proceeding wherein the relator is challenging his detention in the Westchester County Penitentiary, upon the ground that at the Family Court proceeding wherein he was sentenced to a six-month term of imprisonment, he was not properly advised of his right to counsel.
The apparent basis for the incarceration is the petition of his mother, Mary Magnero, sworn to the 21st day of February, 1973, wherein the relator was charged with violation of a prior order of protection issued by the Family Court, Westchester *741 County, pursuant to article 8 of the Family Court Act. On the same day the relator was arraigned on the petition, waived counsel, and after a hearing was sentenced to imprisonment for six months.
Petitioner contends that, at this February 21, 1973 proceeding he was deprived of his constitutional right to counsel due to the failure of the court to advise him that if he did not have adequate funds to obtain counsel, the court would, at no cost to him, appoint a lawyer to represent him.
It is the relator’s contention that he has a constitutionally mandated right to counsel in a proceeding brought in the Family Court to enforce an order of protection, and therefore, the failure to advise him that if he desires counsel and he is indigent, counsel will be assigned without cost, constitutes a violation of his rights.
In support of this contention the relator has cited numerous Federal cases which seem to indicate that where an indigent was subject to a fine and/or imprisonment he should have been afforded the right to court appointed counsel, if requested. (Argersinger v. Hamlin, 407 U. S. 25; Powell v. Alabama, 287 U. S. 45; Gideon v. Wainwright, 372 U. S. 335.)
Relator also relies heavily upon People ex rel. Silbert v. Cohen (29 N Y 2d 12) and Matter of Ella B. (30 N Y 2d 352) as further support of his contention that he was entitled to be advised that he was entitled to court-appointed counsel.
Respondent, in opposing the application, agrees that an indigent person is entitled to be represented by counsel in any matter in which the charge against him could result in a prison sentence. He claims, however, that the person being charged has the right to intelligently waive being represented by an attorney, as in the instant case, and the court has no obligation to furnish counsel when the person appearing before it is not indigent or where he failed to advise the court of his indigency, if in fact he was.
The record of the proceedings before the Family Court on February 21, 1973 has been submitted for the court’s review. That record indicates the following dialogue between the Judge presiding and the relator: “ Now, you are entitled to an adjournment to get a lawyer. You are entitled to be represented by an attorney at all stages of this proceeding, or you may waive an attorney and speak for yourself.” Relator replied: “I waive a lawyer and I will speak for myself”.
Thus it is clear from the record that the relator was advised of his right to representation by counsel. However, he was *742 not told that if he could not afford a lawyer, one would be appointed to represent him.
The cases cited by petitioner in his brief in support of his petition reveal that in each of them, the court, assumed or implied, in its decision, that the aggrieved party was indigent. In Matter of Ella B. (30 N Y 2d 352, 355, supra), the court begins its decision by stating, “Whether the Family Court is required to advise an indigent parent, charged with child neglect” (emphasis supplied).
In the instant case, the record of the proceedings before the Family Court does not, in any manner, indicate that the relator herein is or was indigent at the time of . his arraignment on February 21, 1973, nor did he at any time claim that he was indigent. Thus the court concludes that the principles set forth in Matter of Ella B. (30 N Y 2d 352, supra), are distinguishable in the instant case.
In People v. Post (23 N Y 2d 157), the court, in a right to counsel question relating to the validity of a confession made after three of the four warnings mandated by Miranda v. Arizona (384 U. S. 436), were given to the defendant, stated (p, 159) that the warnings given the defendant “complied with those mandated by the Supreme Court in Miranda in every respect except that the police did not disclose that counsel could be appointed if he lacked funds to retain an attorney ’ ’.
The court went on to state (p. 160) “where a defendant is not told that counsel.will be furnished if he cannot afford one, his confession will not be excluded unless there is some evidence that the defendant was indigent at the time of the interrogation. Here the defendant made no such contention at any time.
“ The issue as to the failure to give the fourth warning, first appeared in the case on appeal. The lack of this warning in Tiaec verba * * * had no direct applicability to this suspect * * * Therefore, in the absence of any evidence of indigency, we hold the error harmless. (See Chapman v. California, 386 U. S. 18; United States v. Messina, 388 F. 2d 393)”.
Although the Post case {supra), deals with the voluntariness and admissability of- a confession made without being advised of the right to court-appointed counsel if the defendant could not afford one, rather than the right to counsel on arraignment for a violation of an order of protection, the situations are analogous.
*743 In the instant case, the relator, who now, for the first time, appears to be an indigent, claims he was denied his right to the assignment of counsel originally mandated as a result of the Miranda v. Arizona (supra) decision, i.e., free counsel if indigent. However, the relator never made mention at either his arraignment upon a prior violation on December 11, 1972, or upon the arraignment upon the violation of February 21, 1973, that he was indigent. Under these circumstances, the Family Court did not err in failing to advise the relator of his right to assigned counsel. However, since it now. appears for the first time that the relator is indigent, the court, in the interest of justice and under the circumstances of this proceeding, will sustain the writ to the extent that the relator is to be returned to the Family Court, "White Plains, New York, on March 23,1973, at 10:00 a.m. for rearraignment upon the charge made against him, and for a rehearing, both adjudicatory and dispositional, at which time he shall be represented by court-appointed counsel, if he so desires.