**UNITED STATES of America,
Plaintiff,**

v.

**James K. CULLINAN, Defendant.**

**No. 75 CR 147.**

United States District Court,
N. D. Illinois, E. D.

June 25, 1975.

James R. Thompson, U. S. Atty., Chicago, Ill., for plaintiff.

Carponelli, Massucci and Krug, Arlington Heights, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause comes before the Court on motion of defendant to suppress written and oral evidence.

Defendant moves for suppression on two grounds: (1) he was not advised of the offense he was suspected of committing at the time he was questioned; and (2) he was not given all Miranda warnings.

Defendant first objects that he was not advised of the exact nature of the offense he was suspected of committing at the outset of questioning. He does not dispute, however, that he knew he was being investigated by Internal Revenue Agents on tax matters, and that he was advised that the purpose of examination was to investigate possible violations of criminal law.

Defendant does not cite any case in which evidence legally obtained was suppressed because defendant was not advised of the exact nature of the charge against him. Defendant was clearly aware that a criminal investigation was being conducted in connection

with tax matters, and lack of specificity as to a particular charge cannot be made the basis for suppression of evidence otherwise lawfully obtained.

Defendant further asserts that he was not advised of his right to "free" counsel if he could not afford counsel of his choice. It is undisputed that defendant was advised that he need not answer any questions or submit any written material. He was told that any information submitted could be used against him in a criminal proceeding. He was further advised that he could seek assistance of counsel before responding to questions or submitting written material.

The issue is whether an individual upon whom a criminal investigation has focused, who is advised of his right to counsel, and is known to questioning officers to be financially responsible, need be further advised that he is entitled to appointed counsel in order to protect his Fifth and Sixth Amendment rights.

The Seventh Circuit held in *United States* v. *Dickerson*, 413 F.2d 1111 (7th Cir. 1969) that once a case has been transferred to the I.R.S. Intelligence Division, the investigation has sufficiently focused on the taxpayer to entitle him to be warned of his constitutional rights. The question before us is whether the warnings given were sufficient. We believe they were.

In *Miranda* v. *Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court stated:

> While a warning that the indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one, the expedient of giving a warning is too simple and the rights involved too important to engage in *ex post facto* inquiries into financial ability *when there is any doubt at all on that score,* 384 U.S. at 473 n. 43, 86 S.Ct. at 1627. (emphasis added)

The government alleges that "there is no doubt at all on that score". Entitlement to appointed counsel turns on the financial inability of an individual to retain counsel of his own choosing. The Miranda warning of the right to appointed counsel was included in order to make the right to counsel meaningful to indigents, not to permit the financially solvent to escape liability for their criminal acts.

The line of cases interpreting the quoted footnote to Miranda is best exemplified by the Massachusetts Supreme Court's decision in *Commonwealth* v. *Wilbur*, 353 Mass. 376, 231 N.E.2d 919 (1967), *cert. denied*, 390 U.S. 1010, 88 S.Ct. 1260, 20 L.Ed.2d 161 (1968). There, defendant, a state conservation officer, was not warned of his right to appointed counsel when interrogated for breaking and entering. The court held that because the circumstances disclosed "every affirmative indication that he was in a position to employ counsel if he wanted an attorney," the challenged omission did not rise to the level of Miranda error:

> We think the warning principles announced in the *Miranda* case must be applied reasonably and with common sense and do not constitute an arid, ritualistic formula to be administered inflexibly. We assume that the principles are designed to achieve the substance of protection of defendants requiring protection and not to penalize (for minor and non-prejudicial failure to adhere to a precise formula) law enforcement officials intelligently attempting in good faith to afford arrested persons considerate treatment and due process of law. 231 N.E.2d at 923–24.

Based upon the *Wilbur* rationale, the courts have uniformly concluded that the right to be warned of the availability of appointed counsel turns on the investigating officer's knowledge of his subject's financial ability.[1]

---

1. See, e. g., United States v. Messina, 388 F.2d 393, 395 (2d Cir.) *cert. denied*, 390 U. S. 1026, 88 S.Ct. 1413, 20 L.Ed.2d 283 (1968); United States v. Fisher, 387 F.2d

■ This Court holds that if the demonstrated knowledge of the officer is such that the warning would be a useless gesture, the failure to give it does not constitute grounds for suppression. It will be incumbent upon the government to present sufficient evidence to the Court of defendant's financial ability to retain private counsel.

165, 169–70 (2d Cir.), cert. denied, 390 U.S. 953, 88 S.Ct. 1047, 19 L.Ed.2d 1146 (1968); United States v. Lubitsch, 266 F.Supp. 294, 297–98 (S.D.N.Y.1967); People v. Gosman, 252 Cal.App.2d 1004, 60 Cal.Rptr. 921 (1967); State v. Bliss, 238 A.2d 848 (Del. 1968); People v. Post, 23 N.Y.2d 157, 295 N.Y.S.2d 665, 242 N.E.2d 830 (1968). Cf. United States v. Chaplin, 435 F.2d 320, 322 (2d Cir. 1970); Stallings v. State, 255 Ind. 365, 264 N.E.2d 618, 621–22 (1970).