■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO MORALES, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 8, 1975, convicting defendant after a jury trial of criminal possession of a controlled substance in the fifth degree and sentencing him to a term of 2 to 10 years, unanimously affirmed. Two police officers observed the defendant giving to various unidentified persons tinfoil packets in return

for money. The officers approached the defendant, arrested him, and found on his person some eight tinfoil envelopes containing cocaine. The defendant asked the officers if they had observed him purchasing the cocaine moments before the arrest. The defendant was charged in an indictment with criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 1), an A-III felony, and criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09, subd 1), a class C felony. The defendant testified and admitted possession of the cocaine, but insisted that it had been purchased by him for his personal use. The jury acquitted the defendant of the count charging criminal possession of a controlled substance in the third degree, an essential allegation of which was possession with intent to sell, and convicted him of the count charging possession only. On this appeal two issues are raised that merit discussion. First, we agree that it was error for the District Attorney to cross-examine the defendant on the basis of statements made by him following his arrest during the course of the compulsory examination required by subdivision (e) of section 23.07 of the Mental Hygiene Law. Subdivision (e) of section 23.07 of the Mental Hygiene Law explicitly provides as follows: "In no event shall such report or any statement made by the defendant to the persons conducting such medical examination be used against him for any purposes whatsoever at the trial of the defendant". The language is clear and should be interpreted to mean precisely what it says. The supposed analogy to the doctrine set forth in *People v Harris* (31 AD2d 828, affd 25 NY2d 175, affd 401 US 222) is totally inapposite. The argument advanced by the District Attorney not only contradicts the language of the statute but if accepted would effectively subvert the purposes intended to be achieved by it. However, it is clear that the error in no way harmed this defendant. He was convicted by the jury only of the crime which he testified to having committed under oath during the course of the trial. Secondly, the defendant challenges the constitutionality of that aspect of the narcotic laws that prescribes punishment for possession of narcotics based solely on the total weight of the substance containing narcotics in his possession without regard to the amount of actual narcotics in that substance. This, it is argued, lacks a rational basis and violates the equal protection clauses of both the United States and New York State Constitutions. The issue here raised, however, was addressed by the Court of Appeals in *People v Daneff* (37 AD2d 918, affd 30 NY2d 793, remittitur amd 31 NY2d 667, cert den 410 US 913; petition for habeas corpus denied *sub nom. United States ex rel. Daneff v Henderson,* 501 F2d 1180) where the constitutionality of this sentencing standard was sustained. It is true, as noted by the United States Court of Appeals in the *Daneff* case, which reached the question after adoption of the new narcotic laws, that "some rather remarkably unjust results" were possible under that law. Certainly, it is a troublesome thought that a person possessing less than an eighth of an ounce of a narcotic drug in its pure form would face a maximum punishment of one year whereas someone possessing a few grains of the same drug, if mixed with two or more ounces of a dilutant, could be punished by a term of 15 years to life. These considerations invite further legislative attention. In terms of the precise issue presented to this court, however, the decision of the Court of Appeals in *Daneff* is dispositive. Concur—Lupiano, J. P., Silverman, Lane, Sandler and Sullivan, JJ.