**UNITED STATES of America**
v.
**Will THOMAS.**

Crim. No. 18247.

United States District Court
E. D. Pennsylvania.

Nov. 14, 1955.

W. Wilson White, Philadelphia, Pa., for United States.

A. Leon Higgeniotham, Jr., Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant, Will Thomas, was indicted for receiving jewelry [1] of the value of $5,000 or more, moving in interstate commerce, knowing the jewelry to have been stolen. Defendant's motion for judgment of acquittal at the close of the government's evidence was overruled. Defendant then rested his case without offering evidence and again moved for judgment of acquittal. The trial judge reserved decision on this mo-

1. 18 U.S.C. § 2315.

tion and submitted the case to the jury which returned a verdict of guilty.

The evidence was clearly sufficient to establish that Thomas received stolen jewelry which moved in interstate commerce with knowledge that it was stolen. Defendant's motion for judgment of acquittal rests wholly upon the contention that the evidence did not show that the stolen jewelry received by Thomas had a value of $5,000 or more.

Proof of this value is essential to sustain conviction of the defendant. Under the provisions of the statute the element of value is of no less importance than the elements of receipt, of knowledge and of interstate commerce.

The evidence discloses that 266 pieces of jewelry, having an aggregate value of $16,625.72, were stolen in Michigan and transported to Philadelphia for sale; that the pieces of jewelry were not identical and had different, but undisclosed values. The testimony reveals that, prior to the sale to Thomas the thieves had sold 10% to 20% (in quantity) of the stolen jewelry to others. It thus appears that Thomas received between 213 and 240 pieces of the stolen jewelry. Defendant's motion, therefore, poses, in effect, this question. "If 266 pieces of jewelry of different kinds and of undisclosed different values have an aggregate value of $16,625.72, what is the value of 213 to 240 pieces of that jewelry?"

The government urges that, since Thomas paid $1,000 for the jewelry he received, it must have been worth $5,000 or more. This is a non sequitur. The government further argues that evidence that Thomas received this much of the stolen jewelry imposes upon him the duty of explaining that the jewelry so received had a value of less than $5,-000. This would be true only if the government, in the first instance, produced evidence to show that the jewelry that Thomas received had a value of $5,000 or more. It produced no such evidence. The government's burden was to prove, beyond a reasonable doubt, what was the value of the jewelry Thom-

as received and this burden it has failed to meet. Accordingly, the defendant's motion for judgment of acquittal, on which decision was reserved, must now be granted.