UNITED STATES of America,
Appellee,

v.

Charles Haskel WILSON,
Appellant.

No. 8172.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 15, 1960.

Decided Nov. 17, 1960.

Lewis T. Booker, Richmond, Va. (Court-assigned counsel), for appellant.

Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C. (J. M. Baley, Jr., U. S. Atty., Asheville, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and HARRY E. WATKINS, District Judge.

SOBELOFF, Chief Judge.

This is the appeal of Charles Haskel Wilson who was convicted in the United States District Court for the Western District of North Carolina for violating Title 18, section 641 of the United States Code. The indictment charged that on December 2, 1958, at Newton, North Carolina, he stole from an armory 72 specified weapons, belonging to the United States, "said property being of the value of $7,500.00." The District Court sentenced him to 7½ years confinement in the penitentiary. He was permitted to prosecute this appeal in forma pauperis, and was represented here by a court-appointed lawyer.

Among the questions presented in this appeal were the sufficiency of the evidence, alleged errors committed at the trial, and the legality of the sentence.

We turn first to the question of whether the sentence imposed was within permissible limits. In effect, the statute,[1] creates two separate crimes with different penalties. If the value of the stolen property does not exceed the sum of $100.00 the maximum penalty is a fine of $1,000.00 or imprisonment for not more than one year, or both; but if the value exceeds $100.00 the fine may be as much as $10,000.00 or the imprisonment may be as much as ten years, or both such fine and imprisonment.

 If a value of more than $100.00 had been proved along with the other elements of the crime, the sentence of 7½ years would have been within permissible limits. The Government, however, failed to produce any evidence whatsoever as to the value of the stolen weapons. We are asked to take judicial notice that 72 rifles are worth more than $100.00, but we cannot on the basis of anything in the testimony form a judgment as to value for the purpose of supporting the greater penalty. Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles. A fact which distinguishes a violation punishable by imprisonment for not more than one year from a violation punishable by imprisonment for ten years cannot be permitted to rest upon conjecture or surmise. In order to sustain the imposition of the higher penalty, it was as incumbent upon the Government to prove a value in excess of $100.00 as it was to prove the identity of the defendant as the perpetrator of the crime, or the ownership of the property.

 On this appeal the Government relied on two cases, which in our opinion afford no support to its contention. The first case is that of United States v. Marpes, 3 Cir., 1952, 198 F.2d 186, certiorari denied 1952, 344 U.S. 876, 73 S.Ct. 170, 97 L.Ed. 678. There, the precise value of the stolen goods was not proved, but the court pointed to evidence of a character not present in the instant case. The value in excess of $100.00 was permitted to be inferred from the shipping documents which indicated a worth in excess of $4,500.00, and it was shown that the freight charges alone exceeded the statutory figure of $100.00. In the case before us, we are asked to speculate, unaided by anything in the record, that the rifles exceed $100.00 in value.

The other case cited by the Government is United States v. Crawford, 3 Cir., 1952, 195 F.2d 472, which like the present case, involved the stealing of rifles. There the charge was possession of a number of rifles stolen from an interstate shipment allegedly worth more than $100.00. The invoice, admitted without objection, affirmatively showed each rifle to be worth $55.85. Such evidence was held sufficient for the jury to conclude that the stolen articles were in fact worth more than the $100.00 in the aggregate. These cases are readily distinguishable from the one at bar; in fact, they support a view of the law contrary to the Government's contention. See also: Cartwright v. United States, 5 Cir., 1944, 146 F.2d 133, 135, where Judge Hutcheson pointed out:

"It is, therefore, well settled that where the grade of larceny, and con-

---

1. "§ 641. Public money, property or records
 "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
 "Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
 "Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.
 "The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater. June 25, 1948, c. 645, 62 Stat. 725."

sequently the punishment, depend on the value of the property, it is essential that the value of the property defendant is charged with having taken be alleged and proved, 32 Am.Jur., Sec. 112, p. 1023."

So much of the sentence as exceeds one year is therefore invalid and is hereby vacated and set aside. It further appearing that the appellant has been in continuous custody for more than the period of the maximum legal sentence, he is entitled to immediate release. It is so ordered.

As there will be no retrial we find it unnecessary to review the defendant's other contentions of error in the trial in the District Court.

The Clerk is instructed to let the mandate issue at once, and to transmit a certified copy thereof to the Bureau of Prisons.