Henry Lee ROBINSON, Appellant,

v.

UNITED STATES of America, Appellee.

Ira WESTMORELAND, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17454, 17455.

United States Court of Appeals Eighth Circuit.

June 16, 1964.

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. 15 U.S.C.A. §§ 1221–1225.

324

James A. Bell, St. Louis, Mo., for appellants.

Richard D. FitzGibbon, Jr., U. S. Atty., Stephen H. Gilmore, and John A. Newton, Asst. U. S. Attys., St. Louis, Mo., for appellee.

Before VOGEL, MATTHES, and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellants, charged with possession of dresses stolen from a freight shipment constituting a part of interstate commerce, knowing the same to have been stolen, in violation of Section 659, Title 18 U.S.C.A., were by jury verdict found guilty and each sentenced to "two (2)

YEARS as to and under the charges contained in the Indictment."

█ But for the fact that the District Court granted appellants leave to appeal *in forma pauperis* from the sentences separately imposed; and a transcript of the trial proceedings, at Government expense, has been lodged with this Court, we would be warranted in dismissing these appeals for failure of retained counsel for appellants to make a modicum endeavor to effect compliance with Rule 11(b), (d), and (e) of this Court.[1] But, since we are constrained to notice "plain error" appearing on the face of the record, that cannot be done without miscarriage of justice ensuing. Rule 52(b), F.R.Cr.P. Cf. Black v. United States, 309 F.2d 331 (8 Cir. 1962), cert. den. 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765; Gendron v. United States, 295 F.2d 897 (8 Cir. 1961).

█ The indictment returned against appellants was in usual form. Appellants were properly put to trial thereon. We have carefully examined the transcript of evidence adduced at their trial. After doing so we can only conclude that sufficient circumstantial evidence was adduced to establish that a theft of dresses moving in interstate commerce as charged in the indictment was clearly established, and that both of these appellants were shortly thereafter found to be in "possession" of some of those dresses, with knowledge of the theft thereof; but the transcript of appellants' trial is such as to leave in substantial doubt the number of dresses found in their respective possession so as to establish a "value of more than $100.00."

All the evidence in the case at bar reveals as to possession is that appellant Robinson had two dresses of the kind and make of those established as having been stolen from the interstate shipment in question, which he reasonably knew had been stolen. While in possession thereof, Robinson asked one Strawbridge if he knew where he could sell those dresses. Strawbridge made arrangements for Robinson to contact one Ahmed, the operator of a cleaning establishment. They drove to Ahmed's shop in Strawbridge's automobile. Robinson and Strawbridge went into the shop. A reasonable inference to be made from the evidence is that appellant Westmoreland remained outside in the automobile, for after the meeting between Robinson and Ahmed at the latter's cleaning shop, Ahmed, Westmoreland, Strawbridge, and a person named Fields, then drove to Westmoreland's house in Strawbridge's car, where the evidence establishes "a number of dresses (were) on the bed in that house." Robinson at the time remained outside Westmoreland's house in his (Robinson's) automobile. Later that same day, Strawbridge, Westmoreland, Ahmed, and Fields returned to the parking lot behind Ahmed's cleaning shop in Strawbridge's automobile. Ahmed got out of the car and "took a number of dresses from Strawbridge's car and carried them into his store. He then returned and gave Westmoreland some money." Robinson apparently was not then present.

---

1. These appeals were first docketed in this Court on October 2, 1963, *in forma pauperis*. Retained counsel for appellants was given leave to file typewritten briefs on or before December 13, 1963; which order was subsequently extended at his request to January 6, 1964. No briefs having been filed the Government moved to dismiss these appeals, appearing on the calendar for the March Term, 1964, of this Court.

Because of total default of counsel for appellants, and our notice of possible error appearing in the record, the submission of these appeals was continued to the May Term, 1964, and the Clerk of this Court was directed to instruct counsel to file brief on behalf of appellants on or before April 15, 1964.

Counsel for appellants has filed the most inept, maladroit and unfit brief that has ever been our lot to peruse. It covers less than 4 typewritten pages and is destitute of legal acumen or any attempted compliance with our cited rules. Such conduct warrants reprimand.

The most that can be gleaned from the evidence adduced before the jury is that appellant Robinson only had two dresses in his possession; and that an unstated number of dresses were in Westmoreland's possession. The testimony does not, with any degree of certainty, establish the number of dresses in either appellant's possession, so as to reasonably fix the value thereof at more than $100.00. Nor does it appear that Robinson was so positioned as to the dresses in Westmoreland's possession to sustain a finding that Robinson had any power of control thereover or to warrant a finding of possession thereof by him. Cf. Pearson v. United States, 192 F.2d 681 (6 Cir. 1951).

At the trial of the case at bar, only four (4) dresses were identified and introduced in evidence as being a part of the interstate shipment in question. The value of each such dress was established to be $10.00. The total value of the interstate *shipment* of dresses here considered was established to be $1,175.-75, covering the value of 117 dresses.

█ The gist of the crime denounced by Section 659, Title 18 U.S.C.A., is the theft of property from interstate shipment; and having in one's possession stolen property, knowing the same to have been stolen. Lonergan v. United States, 287 F. 538 (8 Cir. 1923). Thus, two separate offenses are thereby denounced as crimes. Cf. United States v. Wilson, 284 F.2d 407 (4 Cir. 1960); Carroll v. United States, 174 F.2d 412 (6 Cir. 1949), cert. den. 338 U.S. 874, 70 S.Ct. 136, 94 L.Ed. 536; United States v. Dunbar, 149 F.2d 151 (7 Cir. 1945). It is manifest from the provisions of Section 659, supra, that the value of goods stolen from an interstate shipment is substantive to the degree of crimes there denounced. Cf. United States v. Pearce, 275 F.2d 318 (7 Cir. 1960); United States v. Gordon, 253 F.2d 177 (7 Cir. 1958). It is well settled that "where the grade of larceny, and consequently the punishment, depend on the value of the property, it is essential that the value of the property" not only be alleged but proven. Cartwright v. United States, 146 F.2d 133, 135 (5 Cir. 1944).

█ The most that can be deduced from the record in the case at bar is that each of these appellants had in his possession some dresses, under circumstances revealing knowledge on their part that the same were stolen. From such evidence the jury could not conclude that either of them was found to be in possession of stolen goods of a value of more than $100.00. Therefore, so much of the sentence imposed on each of these appellants as exceeds one year must be held void as a matter of law; and should be vacated. Cf. *United States v. Wilson,* supra.

█ Where it appears that a defendant has been convicted of an offense and the sentence imposed exceeds the limits prescribed by applicable statute, we may mitigate and reduce the same so far as it exceeds the prescribed punishment for the crime of which guilt has been found. Cf. D'Allessandro v. United States, 90 F.2d 640 (3 Cir. 1937); Spirou v. United States, 24 F.2d 796 (2 Cir. 1928), cert. den. 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006; Millich v. United States, 282 F. 604 (9 Cir. 1922). "(T)his court is at liberty to and will reverse even in the absence of a proper motion and exception * * * to guard against injustice." Cox v. United States, 96 F.2d 41 (8 Cir. 1938).

Since appellants have commenced service of the sentences imposed on them, ante, and are now confined thereunder, the District Court, on remand of this case, is directed to correct and reduce the sentence imposed on each of the appellants as provided in Rule 35, F.R.Cr.P., to a term not to exceed one (1) year, commencing as of September 27, 1963, or the date on which they respectively commenced service of sentence.

Remanded for further proceedings in accordance with this opinion.