**UNITED STATES of America,
Plaintiff,**

**v.**

**Thomas Bowie BARKER, Defendant.**

**Crim. A. No. 1982.**

United States District Court,
D. Delaware.

June 29, 1970.

F. L. Peter Stone, U. S. Atty., Wilmington, Del., for plaintiff.

Lawrence. M. Sullivan, of Sullivan, Potter & Roeberg, Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

Defendant was convicted of transporting goods having a value in excess of $5,000.00 in interstate commerce, knowing them to have been stolen.[1] He has moved for a judgment of acquittal under Rule 29(c) F.R.Crim.P. based upon the failure of the Government to offer proof from which a jury might infer, beyond a reasonable doubt, that the merchandise in question was worth at least $5,000.00.

The sole facts offered in evidence by the United States on this point are these:

(1) Defendant drove one truckload of this merchandise, knowing it to be stolen, away from Oxford, Pennsylvania;

(2) When it arrived at Wilmington, Delaware, it was half unloaded;

(3) Defendant's associates, for whose actions he is as liable as though his own, drove a full truckload of this merchandise from the same location in Oxford to Wilmington;

(4) The merchandise consisted of:

  (a) 42 Television sets, the bulk being console models;

  (b) 8 Stereophonic record players;

  (c) 6 Airconditioners;

  (d) 29 Power (push-type) lawn mowers.

(5) The total retail value of all the merchandise was just about $19,320.00;

(6) Not a single one of these articles was valued in evidence separately;

(7) Each truck contained television sets, stereos, airconditioners and power mowers, but there was no evidence of the number of each which went on each truck.

Based upon these facts, a jury would have to speculate or guess as to at least the minimum value of each of the four categories of merchandise involved in order to find that the value of the transported articles exceeded $5,000.00.

■■ A jury may call upon its common experience in the affairs of life in such matters as evaluating the veracity of witnesses, pain and suffering, perhaps taking judicial notice of self-obvious facts, etc., but conclusions as to value must be premised upon some basic facts. As an example, in United States v. Wilson, 284 F.2d 407 (C.A. 4, 1960), the Fourth Circuit Court refused to take judicial knowledge of the fact that the value of 72 stolen rifles exceeded $100.00, or about $1.38 per piece[2] even though the average juryman would know of his own knowledge that the cost of a cheap air rifle (BB gun) was more than this figure.

If we knew the value of even certain of the articles involved, some valid conclusions might be logically drawn. However there is not a single fact to work from. Burris, who rode back to Wilmington in the other truck, testified:

Q. "Now what type of things were involved in the truck that you took [drove] to Lofland's [Wilmington]?"

A. "TV's, stereos, airconditioners and lawnmowers."

Q. "How about the other truck; do you know what kind of things were in there?"

A. "The same."

Q. "It was divided between the trucks?"

A. "Yes, Sir."

Had it been established that the articles of merchandise were evenly divided between the two trucks, then it is probable that a finding that the value of the articles in each truck was one-half of

---

1. 18 U.S.C. § 2314.

2. The question was whether defendant was guilty of larceny of goods in excess of $100.00 of value. 18 U.S.C. § 659.

$19,320.00 could be sustained, but there is no such testimony.

In *Wilson,* supra, the Court said:

"If a value of more than $100.00 had been proved along with the other elements of the crime, the sentence of 7½ years would have been within permissible limits. The Government, however, failed to produce any evidence whatsoever as to the value of the stolen weapons. We are asked to take judicial notice that 72 rifles are worth more than $100.00, but we cannot on the basis of anything in the testimony form a judgment as to value for the purpose of supporting the greater penalty. Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles. A fact which distinguishes a violation punishable by imprisonment for not more than one year from a violation punishable by imprisonment for ten years cannot be permitted to rest upon conjecture or surmise. In order to sustain the imposition of the higher penalty, it was as incumbent upon the Government to prove a value in excess of $100.00 as it was to prove the identity of the defendant as the perpetrator of the crime, or the ownership of the property."

And, in United States v. Thomas, 135 F.Supp. 662 (E.D.Pa.1955), Judge Kraft said this:

"Proof of this value is essential to sustain conviction of the defendant. Under the provisions of the statute the element of value is of no less importance than that of elements of receipt, of knowledge and of interstate commerce.

"The evidence disclosed that 266 pieces of jewelry, having an aggregate value of $16,625.72, were stolen in Michigan and transported to Philadelphia for sale; that the pieces of jewelry were not identical and had different but undisclosed values. The testimony reveals that, prior to the sale to Thomas the thieves had sold 10% to 20% (in quantity) of the stolen jewelry to others. It thus appears that Thomas received between 213 and 240 pieces of the stolen jewelry. Defendant's motion, therefore, poses, in effect, this question. 'If 266 pieces of jewelry of different kinds and of undisclosed different values have an aggregate value of $16,625.72, what is the value of 213 to 240 pieces of that jewelry?' "The government urges that, since Thomas paid $1,000 for the jewelry he received it must have been worth $5,000 or more. This is a non sequitur. The government further argues that evidence that Thomas received this much of the stolen jewelry imposes upon him the duty of explaining that the jewelry so received had a value of less than $5,000. This would be true only if the government, in the first instance, produced evidence to show that the jewelry that Thomas received had a value of $5,000.00 or more. It produced no such evidence. The government's duty was to prove, beyond a reasonable doubt, what was the value of the jewelry Thomas received and this burden it has failed to meet. Accordingly, the defendant's motion for judgment of acquittal, on which decision was reserved, must now be granted."

See also Buchanan v. United States, 164 F.2d 15 (5th Cir. 1947); Carlson et al. v. United States, 187 F.2d 366 (10th Cir. 1951).

I have considered the uncontradicted evidence that some $1,400.00 worth of this stolen merchandise was discovered in Dover, Delaware, about two weeks subsequent to the robbery. If this merchandise represented the missing one-half truckload on Barker's truck (or most of it), the inference is almost irresistible that it, together with the one and one-half truckloads proved to have been transported from Oxford, Pennsylvania, to Lofland's warehouse in Wilmington, was worth in excess of $5,000.00. The proof is that Barker left Oxford alone with a full truckload, first and arrived at Lofland's warehouse about one-half hour

after the other truck. United States v. Marino, 396 F.2d 780 (2d Cir. 1968) may be said to furnish some support for the inference that the property found in Dover was part of the merchandise which left Oxford in Barker's truck. However, a glance at a road map demonstrates the high degree of improbability of driving a loaded van of this sort from Oxford to Dover, unloading and thence back to Wilmington within these periods of time. It is just as likely that Barker left off the one-half load in Pennsylvania and it later found its way into Delaware or that it formed a portion of the one and one-half truckloads delivered to Lofland's warehouse, and was later taken from Lofland's to Dover.

Not only does the Government not urge this point but I prefer the strict requirements as to proof insisted on in United States v. Wilson and United States v. Thomas, supra. The $5,000.00 requirement found in the statute is, after all, jurisdictional and requires a strict standard of proof.

Defendant's motion for judgment of acquittal must be granted. That this clearly guilty defendant should go free is regrettable. Perhaps, however, he can still be prosecuted for this crime in Pennsylvania, where the crime occurred, under some appropriate Pennsylvania statute.