Harry William **THERIAULT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 26143.

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1970.

---

Joseph M. Matranga, Mobile, Ala. (Court-appointed), for appellant.

Charles S. White-Spunner, U. S. Atty., Don Conway, Irwin Coleman, Asst. U. S. Attys., Mobile, Ala., for appellee.

Before RIVES, WISDOM and GODBOLD, Circuit Judges.

RIVES, Circuit Judge:

■ This appeal is from a conviction for violating section 751, Title 18, United States Code [1] as charged in the indictment [2] and a sentence to imprisonment for three years, to run consecutively to two earlier sentences.

■ The evidence failed to sustain that part of the indictment emphasized in footnote 2, *supra*. All three documents—the sworn complaint, the warrant of arrest, and the Commissioner's final commitment, by virtue of which the defendant was held in custody at the time of his escape—were for violation of 18 U.S.C. § 641,[3] and each of the three de-

1. "§ 751. *Prisoners in custody of institution or officer*

"(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

2. The indictment charged that:
"On or about May 14, 1966, at the Mobile City Jail, in the city and county of Mobile, within the Southern Division of the Southern District of Alabama, HARRY WILLIAM THERI-

AULT wilfully and unlawfully escaped from the lawful custody of the United States Marshal for the Southern District of Alabama, *which custody was under and by virtue of process issued under the laws of the United States by the United States Commissioner for the Northern Division of the Southern District of Alabama, wherein the said HARRY WILLIAM THERIAULT was arrested on a charge of felony;* all in violation of Title 18, United States Code, Section 571." (Emphasis added.)
The reference to "Title 18, United States Code, Section 571" is obviously a typographical error. There is no section 571 but the correct number is 751; however, the error did not mislead the defendant to his prejudice and is not material. See Rule 7(c), Fed.R.Crim.P.

3. "§ 641. *Public money, property or records*
"Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for

scribed the property charged to have been stolen as "31 United States Postal Money Orders, things of value of the United States" with no further allegation of their value. Nonetheless, the district judge held as a matter of law that at the time of his escape the defendant was in custody on a charge of felony. We do not agree. For the offense proscribed by 18 U.S.C. § 641 to amount to a felony, there must be both charge and proof that the value of the property stolen, etc., exceeds the sum of $100. *See* Cartwright v. United States, 5 Cir. 1944, 146 F.2d 133, 135; United States v. Ciongoli, 3 Cir. 1966, 358 F.2d 439, 441; Robinson v. United States, 8 Cir. 1964, 333 F.2d 323, 326; United States v. Marpes, 3 Cir. 1952, 198 F.2d 186, 189. Such failure of proof does not, however, necessitate a judgment of acquittal. There is no fatal variance between the allegation and the proof. See 2 Wright, Federal Practice and Procedure § 516.

Rule 31(c), Fed.R.Crim.P., includes a provision that "The defendant may be found guilty of an offense necessarily included in the offense charged * * *." That part of the rule is a restatement of the prior law. *See* Sparf and Hansen v. United States, 1895, 156 U.S. 51, 63, 15 S.Ct. 273, 39 L.Ed. 343; Berra v. United States, 8 Cir. 1956, 351 U.S. 131, 133, 134, 76 S.Ct. 685, 100 L.Ed. 1013; 2 Wright, Federal Practice and Procedure § 515.

■ In speaking of a similar code section in Larson v. United States, 10 Cir. 1961, 296 F.2d 80, 81, Chief Judge Murrah said:

"Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.,

states that '(T)he defendant may be found guilty of an offense necessarily included in the offense charged * *.' To be 'necessarily included' within the meaning of the Rule, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser. Giles v. United States (9th Cir.) 144 F.2d 860 [10 Alaska 455]; James v. United States (9th Cir.) 238 F.2d 681, 16 Alaska 513. And, '* * * where some of the elements of the crime charged themselves constitute a lesser crime * * *,' and there is evidence to support them, the defendant is entitled to an instruction thereon. Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013.

"An essential element and, indeed, the gravamen of the offense charged under Section 661, is the theft of property. Proof of this element, regardless of the value of the thing stolen, establishes no less than the misdemeanor set forth in the statute. Subsequent proof that the thing stolen had a value in excess of $100.00 bears only upon the penalty which may be imposed. Stated differently, the crime of stealing property valued in excess of $100.00 necessarily includes, as an integral step in its commission, a theft of property. This theft, standing alone, is a lesser offense, necessarily included in the offense charged."

More directly pertinent is United States v. Ciongoli, 3 Cir. 1966, 358 F.2d 439, 440, 441, where Circuit Judge Hastie applied similar reasoning to Section 641, here involved, and commented:

"Perhaps the most striking application of the general doctrine occurs when, after conviction of the greater offense,

the United States or any department or agency thereof; or

"Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

"Shall be fined not more than $10,000 or imprisoned not more than ten

years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater."

the court is persuaded that there was no sufficient proof of the aggravating circumstance. The conviction can stand, but with a sentence appropriate for the lesser included offense. Robinson v. United States, supra [8 Cir. 1964, 333 F.2d 323]; United States v. Wilson, 4th Cir., 1960, 284 F.2d 407."

See also the two cases cited—*Robinson*, 333 F.2d 323, 326, and *Wilson*, 284 F.2d 407, 408, 409.

By a parity of reasoning, the gravamen of the offense charged against the present defendant under 18 U.S.C. § 751 is escape from custody held by virtue of process issued under the laws of the United States. Proof of such an escape, regardless of whether the process charges a felony or a misdemeanor, establishes no less than the lesser offense set forth in 18 U.S.C. § 751. Proof that the custody was on a charge of felony bears only upon the punishment which may be imposed.

The sentence is therefore vacated and the case remanded with directions to modify the judgment of conviction and resentence the defendant in accordance with this opinion.

Upon oral argument and in three briefs aggregating some seventy pages, appellant has made a number of other contentions, each of which has received our careful consideration. After a thorough study of the entire record, we find no merit in any other·issue presented for review and no occasion to further prolong this opinion.

The defendant has been ably represented in the best traditions of our profession by court-appointed counsel, Joseph M. Matranga, Esq., both in the district court and upon appeal. To the defendant's credit, he proved himself unusual after the jury had found him guilty and while he was being sentenced by paying tribute to his court-appointed attorney, thus: "He did an excellent job". Mr. Matranga has merited also the thanks of this Court.

Sentence vacated and case remanded with directions.