**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harry William THERIAULT, Defendant-
Appellant.**

No. 71-3315
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1972.

Joseph M. Matranga, Mobile, Ala., (Court-Appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Mobile, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Following our decision, United States v. Theriault, 5 Cir., 1970, 434 F.2d 212, affirming the conviction but remanding for resentencing, Appellant, appealing from the new sentence, reasserts his former attacks, the principle one being lack of sufficient evidence to establish escape from Federal custody. We again reject this and the other complaints.

As to the additional contempt conviction, we think that the careful, restrained, moderate and responsible way the Judge—who was not then, nor had he been, engaged in an embroilment or running controversy with Appellant [1]—han-

dled this situation which was then interfering with the efficient operation of the court comported with Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 and Mayberry v. Pennsylvania, 1971, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532.

**Kenneth STANLEY, d/b/a Wayne Maid
Farms, Plaintiff-Appellant,**

v.

**WILLIAM DAVIES CO., INC., d/b/a
Shur-Gain Feed Division of William Davies Co., Inc. and also d/b/a Swisher
Feed Division of William Davies Co.,
Inc., Defendant-Appellee.**

No. 71-2751
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Affirmed: See Local Rule 21.[1] The charge to the jury with respect to the inference to be drawn from the failure of appellant to produce witnesses was warranted and therefore not error. Georgia Southern & Florida Railway Company v. Perry, 5 Cir., 1964, 326 F.2d 921, 924-925.

---

1. This lack of embroilment clearly distinguishes this case from In Re Dellinger, 7 Cir., 1972, 461 F.2d 389, and United States v. Seale, 7 Cir., 1972, 461 F.2d 345. In *Seale*, the court stated that "At least in the absence of personal embroilment * * * the trial judge could have cited Seale for contempt instantly even though he was personally attacked." *Id.*, at 351.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

** Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.