**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry William THERIAULT, Defendant-Appellant.**

**No. 71-3332.**

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1973.

Certiorari Denied May 14, 1973. See 93 S.Ct. 2278.

James W. Tarlton, III, Mobile, Ala. (Court-appointed), for defendant-appellant.

Charles S. White-Spunner, U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

PER CURIAM:

Defendant's conviction for escaping from the federal unit of the Mobile City Jail, in violation of 18 U.S.C.A. § 751, is affirmed.[1]

The outcome of the trial was for all practical purposes contingent upon the validity of the defense of insanity. We previously reversed a prior conviction for failure of the trial court to authorize a government paid psychiatrist under the provisions of 18 U.S.C.A. § 3006A(e). United States v. Theriault, 440 F.2d 713 (5th Cir. 1971). At the second trial, the prosecution's psychiatrist testified that, at the time of the escape, defendant was not insane under the standards of Blake v. United States, 407 F.2d 908 (5th Cir. 1969). Defendant's psychiatrist did not testify to the contrary. The evidence presented a factual issue which the jury resolved against the defendant.

The several points which defendant raises on this appeal are without merit.

(1) The trial court's instructions, when read as a whole, did not confuse the burden of the Government to establish defendant's sanity,[2] and the court's comments on the defense psychiatrist's testimony were accompanied by clear instructions that any comments he made on the evidence could be disregarded.[3]

---

1. The escape here occurred several days after the defendant had been convicted for another escape from federal custody by breaking out of this same institution. This Court affirmed that conviction but remanded for resentencing. Theriault v. United States, 434 F.2d 212 (5th Cir. 1970). On his appeal from the new sentence, we affirmed. United States v. Theriault, 467 F.2d 486 (5th Cir. 1972).

2. United States v. Harper, 450 F.2d 1032 (5th Cir. 1971).

3. Kyle v. United States, 402 F.2d 443 (5th Cir. 1968).

■ (2) Defendant sought to represent himself, but the district judge, familiar from prior trials with defendant's propensity for courtroom disruption, appointed "stand-by" counsel who participated in portions of the trial, principally at times when the defendant was excluded from the courtroom by the trial judge in an attempt to control defendant's contemptuous and disruptive conduct. This procedure appears to have been a good common sense way to handle the situation where the defendant was insisting upon representing himself but was obviously incapable of doing so throughout the entire trial.

■ (3) Although defendant's theory was that his insanity was based in his fear of being returned to Parchman Prison in Mississippi, where he claims to have been subjected to brutal treatment, we perceive no error in the court's refusal to require the Government to produce statements of witnesses and reports upon which the Government relied to intervene in a suit against Parchman concerning prison conditions. The Jencks Act specifically states that such materials are not discoverable, 18 U.S. C.A. § 3500(a), and since defendant's incarceration was in 1960–1965 and 1967, while the Government report concerned acts alleged to have occurred in 1971, the report was not clearly relevant. Although we are not certain that the point is being raised on this appeal, we would hold that the Government reports, both state and federal, were properly excluded from evidence because they were irrelevant.

■ (4) Defendant having failed to show either surprise or prejudice, there was no abuse of discretion in allowing the prosecution to amend its bill of particulars.[4]

■ (5) The law is clear that it is unnecessary to trace a prisoner by documentation from the courtroom to the place from which he escaped in order to sustain an escape conviction, so the argument that the evidence was insufficient to show that he was in the Mobile Jail is without merit.[5]

■ (6) As to the appeal from the contempt sentences which resulted from some hundred occasions when the defendant directly challenged the trial court's authority with abusive and disrespectful demeanor, we repeat our comment in another case involving this same defendant that "the careful, restrained, moderate and responsible way the Judge —who was not then, nor had he been, engaged in an embroilment or running controversy with Appellant—handled this situation which was then interfering with the efficient operation of the court comported with Illinois v. Allen, 1970, 397 U.S. 337, 90 S.Ct. 1057, 25 L. Ed.2d 353 and Mayberry v. Pennsylvania, 1971, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532." [6]

Affirmed.

---

4. Mitchell v. United States, 404 F.2d 609 (5th Cir. 1968).

5. United States v. Chapman, 455 F.2d 746 (5th Cir. 1972); United States v. DeCicco, 415 F.2d 799 (5th Cir. 1969).

6. United States v. Theriault, *supra*, note 1.