UNITED STATES of America,
Appellee,

v.

Winfred Wade PAYNE, Appellant.

No. 75–1906.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1976.

Decided Feb. 17, 1976.

Henry J. Osterloh, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., O. H. Storey, III, and Kenneth F. Stoll, Asst. U. S. Attys., Little Rock, Ark., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendant Payne appeals from his conviction[1] on an indictment charging that he escaped from the lawful custody of the United States Marshal after having been found guilty of violating 18 U.S.C. § 2113(d), a felony, and while awaiting sentence thereon. We find his appeal to be devoid of merit and affirm his conviction.

The record indicates that after appellant's conviction by a federal jury of bank robbery and before sentence was imposed, appellant and two other inmates escaped from the Morrilton City Jail where appellant was committed pending preparation of the presentence report. Appellant was apprehended in Chicago and returned to Arkansas for trial on the escape charge. Sufficiency of the evidence to warrant conviction is not questioned.

■ Appellant claims the trial court erred in admitting into evidence a copy of the indictment charging armed robbery of the Commercial National Bank of Little Rock, Little Rock, Arkansas, in violation of 18 U.S.C. § 2113(d). He contends the indictment contained inflammatory material, i. e., reciting the name of the bank robbed. At the time of the offer of the indictment as an exhibit, appellant's sole objection was that "the proper proof in this matter would be to show what the records reflect as to a conviction or acquittal rather than the entire [indictment]." The court responded that it was incumbent on the government to show it was a felony—"[t]hey have to prove it unless someone admits it." The government advised the court that that was the sole purpose of the offer. ·Appellant refused to stipulate, in lieu of introduction of the bank robbery indictment, that he had been convicted of a felony.[2]

---

1. The Honorable G. Thomas Eisele, Chief Judge, Eastern District of Arkansas, imposed a sentence of two years imprisonment to run consecutively to the sentence imposed on the bank robbery charge.

2. No objection was lodged with respect to the exhibit disclosing the jury verdict of "guilty."

It was, of course, essential for the government to establish that at the time and place alleged in the indictment the defendant, having been lawfully arrested, was in custody of the United States Marshal on a felony charge. The pertinent portion of 18 U.S.C. § 751 under which the escape charge was lodged reads as follows:

> Whoever escapes * * * from any custody under or by virtue of any process issued under the laws of the United States by any court *, * * or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony * * * be fined not more than $5,000 or imprisoned not more than five years, or both * * *. [If the arrest or charge is a misdemeanor, the penalty is $1,000 fine or imprisonment not more than one year, or both.]

Proof that at the time of his escape appellant was in custody on a felony charge was an essential element of the crime here charged. *Theriault v. United States,* 434 F.2d 212 (5th Cir. 1970); *see United States v. McKim,* 509 F.2d 769, 773–74 (5th Cir. 1975); *cf. United States v. Steeves,* 525 F.2d 33, 35 (8th Cir. 1975); *United States v. Smith,* 520 F.2d 544, 548–49 (8th Cir. 1975). One of the appropriate ways to prove this element was to offer into evidence the felony indictment and the jury's verdict of guilt thereon.

■ Appellant also complains because the court failed to instruct the jury that evidence of the prior criminal acts should not be considered except for the limited purpose of supplying an element of the escape charge. Appellant requested no such instruction or made any objection to the instructions given, but asks us to hold that failure to do so was plain error under Fed.R.Crim.P. 52(b). This we refuse to do. Had such a request been made, it would have been within the court's discretion to determine if such an instruction should be given. While limiting instructions may at times be helpful to a defendant, this can also be harmful. As already indicated, proof of appellant being in custody on a felony charge was an essential element of the crime. In the face of his refusal to stipulate as to the felony charge, he is hardly in position to now complain because the indictment with respect thereto and the verdict of guilty were received in evidence. *See United States v. Smith, supra,* 520 F.2d at 549. The cases cited by appellant with respect to this contention, *United States v. Boyd,* 446 F.2d 1267 (5th Cir. 1971); *United States v. McClain,* 440 F.2d 241 (5th Cir. 1971), are clearly inapposite.

Affirmed.