[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13594
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00199-WS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN RYAN BOLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 17, 2016)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Justin Ryan Boles appeals his convictions and sentences for conspiracy to manufacture methamphetamine with intent to distribute and conspiracy to possess pseudoephedrine with knowledge that it will be used to manufacture a controlled

substance.  On appeal, Boles argues that: (1) the district court plainly erred in convicting and sentencing him for both conspiracy counts because doing so violates the Fifth Amendment's protection against double jeopardy; (2) the district court erred by imposing a six-level enhancement for creating a substantial risk of harm to a minor because there was no evidence of risk of harm to a minor; and (3) the district court plainly erred by imposing one criminal history point for a 2003 theft conviction because the conviction occurred more than 10 years before the instant offenses commenced.  The government moved to dismiss Boles's appeal based on a conviction-and-sentence appeal waiver contained in his plea agreement, but we carried that motion with the case and address it now.  After careful review, we dismiss the appeal in part, and affirm it in part.

We review the validity of an appeal waiver de novo.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  Where, as here, the defendant fails to raise a double jeopardy challenge before the district court, we review for plain error.  United States v. Smith, 532 F.3d 1125, 1126 (11th Cir. 2008).  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1275-76 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. at 1276.  To be plain, the error must

2

be clear under the current law, either by precedent directly on point, or by the explicit language of a statute or rule. United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005).

First, we dismiss the portion of Boles's appeal challenging his sentence, due to the appeal waiver he signed. An appeal waiver will be enforced if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record is manifestly clear "that the defendant otherwise understood the full significance of the waiver." Id. at 1351. The government cannot show that an appeal waiver was knowing and voluntary from an examination of the plea agreement's text alone. Id. at 1352.

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005). An appeal waiver is enforceable despite the fact that particular sentencing issues have been disputed on the merits. United States v. Bascomb, 451 F.3d 1292, 1295-96 (11th Cir. 2006). We've held that a guilty plea does not waive a double jeopardy challenge when, based on the record that existed

at the time the guilty plea was entered, the second crime is one that the government "may not constitutionally prosecute." Smith, 532 F.3d at 1127 (quotation omitted).

Here, the appeal waiver concerning Boles's sentence was entered into knowingly and voluntarily. As the record shows, the district court specifically discussed at the plea colloquy Boles's waiver of the right to appeal any sentence, the effect of the sentence-appeal waiver, and the relevant exceptions. Boles affirmed that he understood. In addition, the narrow exceptions to Boles's appeal waiver do not encompass his sentencing claims. For instance, Boles's total sentence does not exceed the statutory maximum, nor does it constitute an upward variance or departure from the guidelines range as determined by the district court at sentencing. Boles presents no ineffective assistance of counsel claim and the government has not appealed his case. And despite Boles's argument that the risk-of-harm enhancement and criminal history point were, in effect, upward variances, they in fact are alleged guideline calculation errors, which do not fall outside the appeal waiver. Bascomb, 451 F.3d at 1295-96. Accordingly, we grant the government's motion to dismiss Boles's sentencing claims.

Unlike the sentencing claims, however, Boles's double jeopardy claim is not barred by a knowing and voluntary waiver because the government has not met its burden of establishing that the conviction part of the waiver was entered into knowingly and voluntarily. Rather, the record indicates that the district court's

questioning about the appeal waiver at the guilty plea hearing was limited to the sentencing part of the waiver.  Bushert, 997 F.2d at 1351.  The only portion of the colloquy that addressed an appeal of his conviction discussed the waiver effect of the plea itself, not the appeal waiver.  Otherwise, nothing in the record manifestly shows that Boles understood the full significance of his conviction appeal waiver.  Thus, the conviction appeal waiver is only expressly discussed in the waiver provision itself, but the text of the waiver alone is not sufficient to establish a knowing and voluntary waiver.  Id. at 1352.

Nor is Boles's double jeopardy challenge barred by the plea itself, independently of the appeal waiver.  Boles seeks to challenge his convictions based on the record as it existed at the time the guilty plea was entered, and we have allowed these kinds of challenges.  Smith, at 532 F.3d 1127.  As a result, we deny the government's motion to dismiss Boles's double jeopardy claim and address it on the merits.

Nevertheless, we are unpersuaded by Boles's claim that the district court plainly violated his double jeopardy rights.  The Fifth Amendment's Double Jeopardy Clause protects against, in part, multiple punishments for the same offense.  United States v. Bobb, 577 F.3d 1366, 1371 (11th Cir. 2009).  If the same conduct violates two statutory provisions, courts must first determine whether the legislature intended each violation to be a separate offense, with separate

5

punishments.    Garrett v. United States, 471 U.S. 773, 778 (1985).    When legislative intent is unclear, two crimes are treated as the "same offense" unless each crime requires proof of an additional element that the other does not require. Blockburger v. United States, 284 U.S. 299, 304 (1932).

The Double Jeopardy Clause protects a defendant from being convicted under two statutes where one act is a lesser-included offense of the other.  Bobb, 577 F.3d at 1371-72.  A lesser-included offense is one where it is "impossible to commit the greater without having first committed the lesser."  Theriault v. United States, 434 F.2d 212, 214 (5th Cir. 1970) (quotation omitted).[1]  When a defendant suffers a double jeopardy violation, the proper remedy is to vacate one of the underlying convictions, even when sentences run concurrently, because "unlawfully multiplicitous convictions" can have serious consequences.  Bobb, 577 F.3d at 1372.  For example, they could affect a defendant's eligibility for parole, an increased sentence for a future offense, and an additional societal stigma for an additional criminal conviction.  Id.

Section 841(a) provides, in part, that it is unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  21 U.S.C. § 841(a). Section 841(b)(1)(C) provides that the punishment for violating Section 841(a)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

with methamphetamine is a term of imprisonment of not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. 21 U.S.C. § 841(b)(1)(C). Section 841(c)(2) provides that any person who knowingly or intentionally "possesses . . . a listed chemical knowing . . . that the listed chemical will be used to manufacture a controlled substance . . . shall be fined in accordance with [Title 18], or imprisoned not more than 20 years." 21 U.S.C. § 841(c)(2).

Relevant here, we have not published a decision, nor has the Supreme Court, addressing whether convictions for both conspiracy to manufacture methamphetamine and conspiracy to possess pseudoephedrine with knowledge it would be used to make methamphetamine violate the Double Jeopardy Clause. Moreover, the penalty provisions at issue do not clearly indicate whether Congress intended them to be separate offenses because both provide for a 20-year maximum term of imprisonment, but the methamphetamine count carries additional penalties. Garrett, 471 U.S. at 778. Thus, even if there was an error, it was not plain because there is no case or statute directly on point that resolves whether Count 8 would be considered a lesser included offense of Count 1. Chau, 426 F.3d at 1322. We therefore affirm Boles's convictions.

**AFFIRMED IN PART; APPEAL DISMISSED IN PART.**