UNITED STATES of America
v.
Edward William LANCER.
Civ. A. No. 73–312.

United States District Court,
E. D. Pennsylvania.

Aug. 2, 1973.

John F. Penrose, Philadelphia, Pa.,
for the United States.

David Kanner, Philadelphia, Pa., for
petitioner.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The petitioner, Edward William Lancer, has been a familiar name and face with this Court since July 28, 1965 when he entered a guilty plea and was sentenced pursuant to eight separate Bills of Indictment from six different districts that were consolidated in the Eastern District of Pennsylvania for the purposes of arraignment. It should be noted that the request for consolidation was made by the petitioner. The petitioner was charged in all the indictments with violations of either Title 18 U.S.C. § 641 or § 500 or § 1708 which basically charged him with the receipt, concealment and conversion of stolen postal money orders. He now petitions this Court to vacate his sentence pursuant to 28 U.S.C. § 2255.

After a pre-sentence report was ordered and then submitted, the Court sentenced the petitioner on two of the indictments, numbers 22119 and 22173. On the remaining indictments the sentences were suspended.

The Court sentenced the petitioner under indictment number 22119 to ten years in prison, with the first two months in a jail-type institution. The remainder of the sentence was suspended and the defendant was placed on probation under the provisions of 18 U.S.C. § 3651. Under indictment number 22173, the imposition of sentence was suspended, and the petitioner placed on five years probation to commence after the probation in indictment number 22119 was completed.

On March 29, 1967 the petitioner was brought before this Court for a violation of probation. An Order revoking probation on indictment number 22119 was entered and the petitioner was committed to the custody of the Attorney General for a period of nine years and ten months, such imprisonment being imposed pursuant to the adult study provisions of 18 U.S.C. §§ 4208(b) and 4208(c). On August 3, 1967, the petitioner reappeared before the Court for reconsideration of his sentence and the same probation was imposed for a period of nine years and ten months on the two separate indictments.

On June 10, 1968, the petitioner was returned to Philadelphia for a second violation of probation. Again the Court continued the petitioner on probation.

On October 13, 1970, a third warrant for violation of probation was issued. This warrant, having been served upon the petitioner in the form of a detainer, is to be acted upon when the petitioner is released from his present custody at Atlanta, Georgia.

Crucial to the entire factual situation presented above is the language of indictment number 22119. The pertinent part states that the petitioner:

. . . did knowingly and unlawfully receive, conceal and retain with intent to convert to his own use or gain a quantity of United States Postal Money Orders, to wit: 364 Postal Money Orders, including Money Order 4, 552, 156, 826, knowing the same to have been embezzled, stolen, purloined, and converted from postal stations in Washington Crossing, Pennsylvania, and Burmingham, New Jersey. In violation of Title 18 U.S.C. § 641.

The indictment omits any language setting forth the value of the postal money orders allegedly received, concealed and retained. The petitioner therefore contends that since no mention was made in the indictment or at the arraignment and sentence proceedings as to amount, he could only have been sentenced to one year and/or $1000.00 fine. This contention is maintained because the language of 18 U.S.C. § 641 has a distinct dividing line for the sentencing Court. If the amount stolen is over $100.00, a ten year prison term and/or $10,000.00 fine could be imposed, and only one year and/or $1000.00 fine if under $100.00.

The petitioner argues that the failure to mention the amount converted in the indictment constitutes sufficient reason for this Court to vacate its sentence un-

der 28 U.S.C. § 2255. He also argues that the imposition .of two consecutive periods of probation on two separate indictments and the revocation and reimposition of probation constitute improper sentences under the provisions of 18 U.S.C. § 3651 and § 3653.

In resolving the first issue, it is of importance to consider two questions. The first is whether the indictment is lacking in any essential element; and the second is whether an indictment can be collaterally attacked by a motion to vacate or whether the sufficiency of an indictment must be tested on direct appeal.

■ Keeping in mind the cases indicated in the petitioner's brief and the United States Magistrate's report, this Court feels that the indictment is sufficient for both the petitioner to have plead guilty and for this Court to have accepted a guilty plea and impose the sentence that it did. Therefore the petitioner must appeal the sufficiency of the indictment directly rather than collaterally. Stegall v. United States, 259 F.2d 83 (6th Cir. 1958).

The United States Supreme Court in Russell v. United States, 82 S.Ct. 1038, 369 U.S. 749, 8 L.Ed.2d 240 (1962) set forth the criteria for measuring the adequacy of an indictment. First, the Court must determine whether the indictment contains the elements of the offense intended to be charged; and second whether the defendant is sufficiently apprised of what he must be prepared to meet. See also United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92 (1953).

This Court feels that the portion of the above indictment adequately sets forth the essential elements of the crime. The case of Stevens v. United States, 297 F.2d 664 (10th Cir. 1961) states that:

Value is an essential element of the offense which must be proved and alleged in the same manner as any other essential element of the offense.

United States v. Wilson, 4 Cir., 284 F. 2d 407 (4th Cir.)

Cartwright v. United States, 5 Cir., 146 F.2d 133.

The Stevens case, supra, involved the question of whether sufficient evidence had been presented to the jury to prove a stolen oscilloscope and power equipment supply (the indictment only indicated that the value was in excess of $100.00) was over $100.00 in value, not whether the indictment on its face was sufficient and inclusive of the essential elements.

This Court is also mindful of the fact in United States v. Wilson, supra, that the defendant was indicted for stealing 72 rifles, valued at $7500.00 in the indictment, in violation of 18 U.S.C. § 641. The Circuit Court reversed the jury finding of guilt because no evidence as to value was presented at trial and because the District Court allowed the jury to find a verdict and imposed a sentence taking into consideration only the value in the indictment. In that case no evidence was presented at trial as to value or which could justify the imposition of the more severe sentence under 18 U.S.C. § 641.

Here we have a case where the defendant plead guilty, was apprised of his rights by counsel and after the Court accepted his plea, admitted all non-jurisdictional facts alleged in the indictment. Marteney v. United States, 216 F.2d 760 (10th Cir. 1954).

All of the above cases go to the question that if a case goes to a jury, the substantial elements of the indictment must be proved. None of the courts have thrown out the indictment because a specific amount was not included in the language of the indictment. Here no money value is mentioned, but this does not make the indictment invalid as lacking an essential element because only 364 stolen money orders are mentioned. A minimum value can be understood just as a minimum value on our currency is understood.

■ In this case it should be noted again that the case in question involved a guilty plea where the defendant was represented by competent counsel. At the time of sentencing the Court took judicial notice of the fact that the value of 364 postal money orders had to be worth more than $100.00. If they were valued at less than $100.00, each money order on the average would be worth a little less than 28 cents a piece. Such an impossibility could not be accepted by any reasonable man especially where on the thieves market blank postal money orders run well over 28 cents a piece. The Court has the duty and obligation to take judicial notice of facts of common knowledge such as this value.

It should be pointed out at the arraignment and sentencing no objections to the indictment were made as both counsel and the petitioner were satisfied. Since this Court found and still finds the indictment sufficient, the petitioner cannot attack the sentence at this time via the adequacy of the indictment but must attack the indictment on direct appeal to the Circuit Court.

■ The Court now turns to the second issue of whether it can impose two consecutive periods of probation which total more than five years when the individual has been indicted on separate indictments which have been consolidated on his request before this Court. This Court considers that the imposition of consecutive terms of probation was proper and correct under the provisions of 18 U.S.C. § 3651.

■ In prefacing the resolution of the question of consecutive probationary terms on separate indictments, this Court has considered this question many times before sentence and feels that such an extended period of probation is very seldom in the best interest of the individual and justice. Reluctantly, the Court will impose such probation if it is justified both legally and morally i. e. in the best interests of the defendant and society.

The petitioner relies mainly on Fox v. United States, 354 F.2d 752 (10th Cir.

1965) where a defendant plead guilty to violations of the Dyer Act and Firearms Act which were separate and distinct offenses, but were included in one indictment. The Circuit Court in our opinion correctly stated the law as to one indictment offenses at 753–754:

"The period of probation together with any extension thereof, shall not exceed five years.

We believe this means exactly what it says and that when a sentence is suspended on multiple counts and probation granted, the total probation period may not exceed five years. Otherwise on indictments or informations containing many counts a young person might be placed on probation for the remainder of his life. In our opinion such a result was not intended by Congress.

The defendant would contend this is sufficient authority to limit the imposition of probation to one five year period on two separate indictments.

However, in our case the defendant requested that all of the indictments be presented to this Court for arraignment. If he had been arraigned separately in the other Districts there is no question that another Judge could impose probation to run consecutively to a period of probation imposed by us on another offense in another district.

■ Although there are no cases in point, and the Congressional Record is devoid of information on this specific point, 18 U.S.C. § 3651 refers to the word, offense, which this Court would interpret to mean each separate indictment. It is conceded that only a maximum of five years probation can be given on one indictment or offense no matter how many counts are involved. The fact that the petitioner desired to have all the indictments before one Judge and thus limit that Judge to one five year probationary period is a technical argument that holds no weight. The fact is there were separate indictments, and whether they were all in this district or in separate districts, this Court can impose consecutive probationary periods.

■ Finally, the petitioner argues that where there is revocation of probation the Court cannot reimpose probation. However, the case law is in agreement that after a revocation of probation, the probationer cannot complain of an imposition of a sentence which could have been imposed originally. United States v. You, 159 F.2d 688 (2nd Cir. 1947). Thus the Court may revoke probation, resentence him to study, and upon receipt of the report, suspend sentence again and place him on probation. The Court imposed a sentence that could have been imposed prior to the revocation of probation and thus is acceptable as a proper course under 18 U.S.C. § 3653 and the case law.

## ORDER

And now this 2nd day of August, 1973, it is hereby Ordered that the petitioner's Motion to Vacate his sentence under 28 U.S.C. § 2255 is hereby denied.